UNITED STATES (CUTTS v.). See Case No. 3,522.

# Case No. 14,913.

## UNITED STATES v. DAIR et al.

[4 Biss. 280.] [1]

District Court, D. Indiana. Jan., 1869.

PLEADING AT LAW—TRAVERSE—PLEA—NON EST FACTUM—ESCROW.

1. A breach of the condition of a penal bond is not sufficiently traversed by a plea averring that the obligors have not violated the condition to the extent charged in the declaration. It should deny any breach of the condition as charged in the declaration.

2. A special plea of non est factum, averring that the supposed bond sued on is a mere escrow, is bad, unless it avers that the instrument in question was delivered to some third person on a condition that has not been performed. But with such an averment, the plea may be a good special non est factum.

At law.

A. Kilgore, U. S. Dist. Atty., and J. W. Gordon, for the United States.

Milligan, McDonald, Roach & McDonald, for defendants.

McDONALD, District Judge. Debt on a penal bond, against the principal and his sureties. The condition of the bond is that Jonathan M. Dair, the principal, a distiller, should in all respects comply with the requirements of the law in relation to distilled spirits. The breach laid is that Dair unlawfully removed from his distillery eight thousand two hundred and fifty gallons of distilled spirits, otherwise than into a bonded warehouse.

Dair and his sureties, William F. Davison and Abraham Briggs, all plead separately. And the government demurs to all the pleas except two pleas of general non est factum filed by the sureties.

Dair files but one plea. It seems to be intended as a traverse of the breach of the condition of the bond charged in the declaration. It is substantially as follows: that it is untrue that he removed eight thousand two hundred and fifty gallons of distilled spirits from his distillery, otherwise than into a bonded warehouse; that it is untrue, as is alleged in the declaration, that there is due to the plaintiff sixteen thousand five hundred dollars for taxes unpaid upon spirits distilled by Dair; but that, on the contrary, the number of gallons of distilled spirits unlawfully removed by him is less than is stated in the declaration, and the amount of taxes unpaid on spirits unlawfully removed by him is less than that stated in the declaration.

This plea is so obviously and outrageously bad, that it deserves no consideration by the court. It looks very much like a sham plea. The demurrer to it is sustained; and an inter-

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

locutory judgment on it against Dair will be rendered.

Davison, one of the sureties, has filed three pleas—a general plea of non est factum, and two special pleas of non est factum. To the two last there are demurrers.

The first of these special pleas of non est factum, avers that Davison signed the bond when it was in blank as to the names of the other obligors; that he signed it at the request of one William F. Sanks, on his assurance that it should be executed by one James Dair before it should be delivered to the obligee; that said James Dair never executed it; and that Davison never would have signed it, but on condition that said James Dair should also sign it.

This plea is an attempt to show that, as to Davison, the instrument is a mere escrow. But this it fails to do. To make the instrument such, the plea ought to have averred that the supposed bond was delivered to some third person to be delivered to the obligee only on the performance of the condition pleaded. For want of such averment, the plea is bad, and the demurrer to it is sustained.

The second special plea of non est factum filed by Davison is like the first, except that it adds that "said supposed writing," after he signed it, "was left with said William F. Sanks as an escrow, to be delivered by him to the plaintiff's agent in case the same was so afterwards executed by James Dair, and not otherwise."

This is a good plea to show that, as to Davison, the supposed bond is a mere escrow, and not his deed. It shows a signing and delivery to a stranger to be delivered to the obligee only on the performance of a condition precedent, which it avers was never performed. If the facts thus pleaded are true, it is certain that the instrument sued on is not the deed of the defendant Davison. Demurrer overruled.

The defendant Briggs has filed four pleas, to the second, third, and fourth of which there are demurrers.

The second of these pleas is substantially the same as the plea of the principal obligor, Jonathan M. Dair, which we have already considered. And for the same reason on which that plea is held bad, the demurrer to this is sustained.

The third and fourth pleas of Briggs are copies of the second and third pleas of Davison, already discussed; and the ruling on them must be the same. The demurrer to the third plea of Briggs is therefore sustained; and the demurrer to his fourth plea is overruled.

[NOTE. Judgment having been given against the principals on the bond, and in favor of sureties, the plaintiffs carried the case by writ of error to the circuit court, where judgment was obtained against all of the defendants. Case unreported. The cause was then carried to the supreme court, where the judgment of the circuit court was affirmed. 16 Wall. (83 U. S.) 1.]

If there be anything specific or particular in

the thing to be performed, though consisting of a number of acts, performance of each must be particularly stated. 3 Chit. Pl. 985, note a; 1 Chit. Pl. 429. For authorities holding that under the plea of non est factum evidence is admissible that the deed was delivered to a third person as an escrow, see 1 Chit. Pl. 424; Puter. Pl. & Prac. (3d Ed.) 391; 2 Greenl. Ev. § 300, and cases cited. Consult also U. S. v. Hammond [Case No. 15,292].